# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Efrain T.,                                          No. 26-cv-00791-SRB-DTS

      Petitioner,

v.                                                           **ORDER**

Todd Lyons, *et al.*,

      Respondents.

Before the Court is Petitioner Efrain T.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Mexico. He entered the United States in November 2004 and has lived here since then. On January 21, 2026, Petitioner was arrested and taken into Immigration and Customs Enforcement custody. There is no evidence that he was the subject of a judicial or administrative warrant, and he has not been afforded a bond hearing. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025).[1] "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

---

[1] Respondents initially argue that the Court has "no jurisdiction . . . to enter relief in habeas" because Petitioner's case was filed after he "was booked into custody in El Paso, Texas[.]"  (Doc. #4, p. 2.)  The Court finds it has jurisdiction over this case as "the venue for habeas petitions allow for equitable concerns such as convenience and

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court finds that because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate the analysis of the majority of courts to have considered the matter. Of course, these issues are complex. But the Court believes that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Petitioner or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that Petitioner is subject to § 1226(a) and that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.*'" *Ahmed M. v. Bondi et al*., 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan.

---

appropriateness of the district." *Jose A. v. Noem*, No. 26-CV-480 (JMB/ECW), 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026) (finding the District of Minnesota had jurisdiction when "petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at [the] petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest.").

12, 2026) (same). The Court agrees with the reasoning of these cases. Because the Court does not have before it the warrant contemplated by § 1226, release is the correct remedy.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Efrain T.'s Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court first **ORDERS** Respondents to immediately return Petitioner to Minnesota. Upon return, Respondents shall immediately release Petitioner. Further, upon release, Respondents shall return to Petitioner his government-issued identification documents, as well as any other lawfully issued documents or property seized from him.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: <u>February 2, 2026</u>                <u>s/Stephen R. Bough</u>
                                        Stephen R. Bough
                                        United States District Judge